Charles Marks, J.
Motions numbered 44, 46 and 47 of the calendar of November 25, 1964, are consolidated and disposed of herein.
Petitioners are former New York City Policemen who are dismissed by respondent for refusing to sign limited waivers of immunity before a Grand Jury investigating to determine the existence of a conspiracy to bribe police officers. Bach petitioner seeks to be restored to his former position with full back pay, on the grounds that there was no absolute refusal to waive immunity, but rather a refusal to sign anything or to orally waive any rights without first having an opportunity to consult legal counsel; that the denial of this opportunity was improper and violative of due process and the respondent’s subsequent orders of dismissal were arbitrary, capricious and unlawful.
*910 Respondent does not contest the bona fides of petitioners’ requests for aid of counsel but rather asserts that petitioners have no right to consult counsel for any reason prior to signing a waiver of immunity before a Grand Jury. It cannot be said that the language of section 6 of article I of the New York State Constitution, the provision authorizing the dismissal of public officers for refusing to waive iinmunity,' requires a public officer to make a binding election between waiver of immunity from criminal prosecution and loss of employment, without the aid and advice of legal counsel. In each of the cases presented herein, the officers stated to the District Attorney and the Grand Jury that they did not fully understand the nature of the proceedings, that they did not fully understand the import and effect of the waiver of immunity and would like to have counsel of their own choosing examine the purported waiver document and advise them before they sign or refuse to sign. The transcripts of the Grand Jury proceedings indicate that, in each instance, the District Attorney attempted to fairly and accurately explain the proceedings, the choice available to the petitioners and the legal effects of each choice. However laudatory the efforts here made, the court is not prepared to accept the general proposition that, assuming the good faith-ignorance of public officers concerning their rights and liabilities, such public officers will, when called to testify before a Grand Jury, be forced to rely exclusively on the assurances and explanations of public prosecutors in respect of the full import of legal documents offered for signature. In order to retain their positions, public officers are required to sign only a limited waiver of immunity, i.e., in respect of criminal prosecution arising from their performance of official duties of such offices. Certainly, a public officer called to testify is entitled to the assistance of counsel of his own choosing, if for no other reason than to insure that he is not surrendering his protection against self incrimination in and degree greater than that required by section 6 of article I of the New York State Constitution to remain qualified to hold public office.
Accordingly, the respondent acted improperly in discharging petitioners without affording them an opportunity to sign waivers of immunity after reasonable opportunity to obtain advice of counsel. However, this conclusion does not ipso facto, entitle petitioners to the relief sought herein. In furtherance of the provisions of section 6 of article I of the State Constitution, any order reinstating these petitioners would necessarily be conditioned upon their reappearance before the Grand Jury and execution of limited waivers of immunity. Certain peti *911 tioners deny that respondent has issued any invitations to reappear before the Grand Jury but surprisingly none of the petitioners make the unqualified assertion that they are ready and willing to do so if asked. At any rate, the petitioners have now had ample opportunity to secure advice of counsel and the respondent asserts that he stands ready to reinstate each petitioner to his former position with full back pay from date of removal upon their reappearance before the Grand Jury, execution of waivers of immunity and testifying.
Accordingly, the motions are disposed of as follows: Each proceeding will be remanded to the respondent who will afford each petitioner an opportunity to comply with the conditions noted herein by a date certain to be incorporated in the order to be settled herein. Should petitioners fully comply with the aforesaid conditions, the respondent will thereupon restore them to their former positions with full back pay from the date of removal. Should petitioners fail to comply with the said conditions by the date to be set therefor in the order herein, respondent may thereupon settle an order on notice dismissing the petitions with prejudice.